## W. M. CAMPBELL vs. H. DENNIS et al.

### SUPREME COURT, TYLER TERM, 1883.

*Attorney's Fee—Pleading—Evidence—Erroneous Charge.*

Appeal from Grayson County.

*Woods, Wilkins & Cunningham* for appellant.

No counsel for appllee.

### STATEMENT.

Campbell sued appellees upon a note for $500 dated June 9th, 1877, due on or before the the first day of December next thereafter, and payable to Campbell and Boswell or bearer.

Appellees answered admitting the execution of the note. And that they had employed Campbell and Boswell attorneys to prosecute for them an appeal in suit wherein ———— was plaintiff and appellees were defendants, and in which a judgment had been rendered against them in the district court of Grayson county, and in which a motion for new trial had been overruled and notice of appeal given.

That the agreement between the parties was that if Campbell and Boswell prosecuted the appeal, then appellees were to pay them the $500 (for which the note was given), but if the appeal was not prosecuted, then the appellees were to pay so much as Campbell and Boswell's services were reasonably worth. That on the day of the date of the note they compromised the case and no services were rendered and no appeal prosecuted by Campbell and Boswell, who had advised the compromise, and therefore appellees owed them nothing. Also that if the note evidenced any other than the agreement asserted above then it was procured by the fraud of Campbell and Boswell, &c.

Also that Campbell had abandoned the prosecution of the appeal as shown by his letter to appellee, McDonald, dated March 13th, 1878, and refused to prosecute it further. That appellee G. W. and W.

W. Aldrige and Harrison Dennis say that on the day the note was executed they compromised the case with the consent of Campbell and Boswell, and released them from further prosecuting the appeal. Appellant replied denying these averments, &c.

On September 27th, 1879, the case was tried and a verdict returned and judgment was rendered for appellees.

The errors assigned is as to the admissiom of evidence, and in the charge of the court.

Opinion by Watts, J.

There is no basis in the pleadings for the admission of the evidence shown by appellants' bill of exceptions.

The averments in the answer are that appellees were to pay Campbell and Baswell the sum of five hundred dollars for prosecuting the appeal and if the appeal was not prosecuted, then so much as their services were reasonably worth.

The note bound the appellees jointly and severally, and in that particular the averments in the answer would not change it to an individual and separate liability. Though the amount might be less the obligation remained joint and several, whether the appeal was prosecuted or not.

The effect of the answer is not that each appellee in the event the appeal was not prosecuted, should be individually and separately liable for the reasonable value of the services rendered to him. The rule that the evidence must correspond to and agree with the allegations, is elementary.

In disregarding this rule of law the court erred in admitting the evidence over the appellants objection.

There is no variance between the averments of the answer respecting the letter from Campbell to McDonald and the letter admitted in evidence. It is averred that about March 13th, 1878, that Campbell by letter directed to McDonald abandoned the employment and refused to prosecute the appeal any further. The letter adduced in evidence was dated March 13th, 1878, addressed to McDonald and signed by Campbell, was concerning the appeal and the payment of his fee.

There might have been a question as to its sufficiency as evidence to establish the issue presented by the answer. But there was certainly no variance between the averments and the proof offered.

In the fifth paragraph of the charge the court in effect instructed the jury, that if appellant wilfully abandoned the employment, that then he could not recover against any of them for services rendered. And further that the letter to McDonald showed an intention to abandon the employment, and the burden was on the appellant to establish the fact that he had not done so

At the date of this letter, the note sued on was then overdue about three months and a half. And from evidence in the record it appears that prior to the date of the letter appellant had perfected the appeal in cause No. 3185, by filing an appeal bond and assignment of errors, and had procured the transcript to be made, and had also prepared his brief. Then considering the letter with reference to these facts its legal effect is not that given by the court in its charge to the jury.

As before remarked, appellant had perfected the appeal, and placed it in an attitude to be prosecuted. But notwithstanding this and the further fact that appellees' note was over-due they had not paid any part of it, Then, it seems to us, that the effect of the letter, is a demand upon appellees to comply with their part of the agreement, accompanied with the proposition, that if they desired to abandon the appeal, then they were to pay him for the reasonable value of the services rendered, which he fixed or estimated at one hundred and fifty dollars.

We are of the opinion that the court erred in the charge to the jury as to the legal effect of the letter.

For the errors indicated we conclude that the judgment ought to be reversed and the cause remanded.

The report of the commissioners of appeals examined, their opinion adopted and the judgment reversed and the cause remanded.

                                        WILLIE, C. J.